## CONLIN *v.* SEAMEN.

THE Street Superintendent of San Francisco, under the Consolidation Act, has power to enlarge the time for completion of a contract for street improvements made by him, and if any property owner feels aggrieved by such action he must appeal to the Board of Supervisors, or he will be deemed to have acquiesced therein.

In a proceeding for the improvement of streets in San Francisco by contract, under the regulations of the Consolidation Act, the liability of the real owner is not released or affected by an erroneous assessment of the tax upon his property to another person.

The complaint in an action by a contractor against a property owner, upon a contract for improving streets in San Francisco in pursuance of the provisions of the Consolidation Act, need not aver any special demand upon the defendant other than a compliance with the forty-ninth section of the act.

APPEAL from the Fourth Judicial District.

The facts sufficiently appear in the opinion.

*Waller & Moore,* for Appellant.

I. The complaint shows affirmatively that this defendant never was charged by plaintiff for this work nor on this contract; on the contrary, by the contract and warrant this property was assessed and the charge for the work was made to Lucas, Turner & Co., and not to defendant. (See Secs. 8–10 amending Secs. 48–50, Laws of 1861, 547, 548.) The warrant is made *prima facie* proof in plaintiff's favor (Laws of 1861, 548, Sec. 10, amending Sec. 50), but plaintiff shows by this warrant that Lucas, Turner & Co., not this defendant, are the owners. Plaintiff is therefore estopped from charging any other party than Lucas, Turner & Co. with the liability.

II.   No demand for the payment of this street work was made upon the defendant as required by statute.   The complaint alleges that the demand was made upon Lucas, Turner & Co.'s agent.   No allegations of demand upon this defendant, or that he could not conveniently be found, as required by the said Sec. 9 amending Sec. 49.   (See also Laws of 1862, Sec. 11, p. 398.)

III.   The Superintendent had no power to enlarge the time for completion of the contract.   It would be palpably unjust to property owners, inducive of fraud and collusion between contractors and the Street Superintendent, to award a contract and then empower the Superintendent to extend *ad libitum* the time in the contractor's favor.   Time is of the essence of the contract. Whether the law requires a clause limiting the time or not, if such a clause is inserted it binds the parties; and the property owner who has the statutory right to take the contract with the time clause, is justly supposed to accept or decline the contract in view of that clause, which may make a vast difference in the question of expense in performing the contract.   Sec. 7, Stat. of 1862, 394, purporting to legalize extensions of contracts made before that time is, so far as it attempts this, unconstitutional, null, and void.   It is a judicial act *ex post facto*, retroactive, and no Court should sustain it.   (Sedgwick on Statutes, 166, 169, 177; Constitution of Cal., Art. 3; *Guy* v. *Hermance*, 5 Cal. 74; 7 Johns. 508, 509; 7 Hill. 80.)

IV.   There is no force in plaintiff's allegation that defendant made no appeal to the Board of Supervisors.   1. The alleged extension of the contract annulled that contract.   It was therefore no longer within the jurisdiction of the Board.   (33 Barb. 147.) 2. Defendant had nothing to appeal from since he was never charged with the assessment.   3. Plaintiff has chosen to allege facts which, if true, exhibit no cause of action.   He surely cannot recover when he sets forth that he has failed to comply with the terms of the statute under which he seeks to recover *stricti juris.* If he shows that he has not such a "warrant" as entitles him to sue, or that by reason of acts or omissions he is not entitled to the statutory "warrant," he shows himself out of Court.

*Robert C.* and *Daniel Rogers*, for Respondent.

The extension of the time in which to complete the work was made by the Superintendent of Streets, one of the parties to the contract, upon the application of the contractor and his sureties; and as a party to the contract it was an act which he could legally do. Sec. 7 of the Act of 1862 (Statutes of 1862, 391) declares that in those cases where the time has been extended "such act shall be deemed and held to have been legally done, and it shall be so held in all Courts of this State." The exercise of such a power is not within the prohibited powers of the Legislature. (*Hart* v. *Gaven,* 12 Cal. 478; *People* v. *Seymour,* 16 Id. 332.)

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action brought by the assignee of a street contractor against a property holder to enforce a lien and payment for work done in grading Lombard Street, between Stockton and Mason streets, in the City of San Francisco. The defendent demurred to the complaint on the ground, among others, that it did not state facts sufficient to constitute a cause of action. The Court below overruled the demurrer, and no answer being filed, rendered a judgment for the plaintiff, from which the defendant appeals.

The first objection to the complaint is, that the work was not done within the one hundred and thirty-five days specified in the contract; that the Superintendent had no authority to extend the time, as alleged in the complaint, and therefore the defendant is discharged from all liability. Sec. 43 of the act known as the Consolidation Law, as amended by the Act of 1861, confers the power of entering into contracts awarded by the Board of Supervisors for the grading of streets, upon the Superintendent of Streets, who is for that purpose the official agent of the city and the lot-holders. Sec. 44 provides that the work "must in all cases be done under the direction and to the satisfaction of the Superintendent," and he is required to make the assessment and apportionment of the expenses. Sec. 45 provides that "if any party directly interested in any such work, contract, or assessment, shall feel aggrieved by the acts or determination of the said Superintendent in relation

Conlin *v.* Seamen.

thereto, he may appeal to the Board of Supervisors, whose decision thereon, upon hearing, shall be final." We think it clear that the law vests full power in the Superintendent to make the contract, and also if he sees fit, to fix therein the time for the completion of the work, and to enlarge the time if he thinks proper. If in the performance of any of these acts any person directly interested feels aggrieved thereby, he has a remedy by appeal to the Board of Supervisors, and failing to so appeal he is to be deemed to have acquiesced therein. This objection, therefore, is not well taken.

The next objection is that as the complaint shows that the property was assessed to Lucas, Turner & Co., and not to the defendant, therefore he is not liable. The complaint also avers that the defendant was, at the time of the commencement of the proceedings, and ever since has been, the owner and in the possession of the premises, and the demurrer admits these facts. It is the *owner* that is made liable for the expense of grading; and the fact that the assessor erred, or was mistaken in the name of the true owner of the premises, does not release the real owner, or transfer the liability to a person who has no interest in the property, or estop the plaintiff from enforcing his claim against the real party in interest who has received the benefit of the work performed by the plaintiff's assignor.

It is also urged that the complaint is defective in not averring a special demand upon the defendant. The forty-ninth section of the act provides that "the contractor or his agent shall call upon the person so assessed, or their agents, if they can conveniently be found, and if payment be not made, shall demand payment upon the premises." The complaint fully avers a performance of these requirements. The act does not make a special demand upon the defendant necessary before a suit can be brought. The Court below properly overruled the demurrer.

The judgment is affirmed.