## WILLIAM M. TAYLOR *v.* GEORGE DONNER, GEORGE B. BRADFORD, AND C. A. HAWLEY *et als.*

ASSESSMENTS FOR STREET IMPROVEMENTS.—The provisions of the statute concerning assessments of taxes on lots in San Francisco for street improvements, must be strictly followed in order to charge the lot or the owner. This rule is universal, and applies to all statutes upon the subject of taxation, whether for local improvement or public revenue.

To WHOM ASSESSMENT FOR STREET IMPROVEMENTS TO BE MADE.—An assessment on a lot for street improvements in San Francisco is void, unless made to the true owner or to "unknown owners."

IDEM.—When an assessment for street improvements in San Francisco is made to a person as the owner, it creates no liability against any other person, and not against him unless he is the owner.

STREET ASSESSMENTS. — The title to a lot on which an assessment for street improvements in San Francisco is made, if put in issue by the pleadings in an action for the assessment, may be litigated in that action.

APPEAL from the District Court,.Twelfth Judicial District, City and County of San Francisco.

Action to recover a tax assessed on a lot in San Francisco for street improvements.   George B. Bradford and C. A. Hawley and others were made defendants along with Donner. The complaint averred that the tax was assessed against Donner, but that all the defendants, during all the proceedings mentioned in the complaint, were and still continue to be the owners of certain portions of said lands, and that the defendants now are, and on the 10th day of November, 1864, and ever since have been, the owners in fee and in possession of, and have claimed and exercised acts of ownership over, the parcel of land described in the complaint.   Plaintiff recovered

judgment against all the defendants.   Bradford and Hawley appealed.

The other facts are stated in the opinion of the Court.

*Ralph C. Harrison,* and *Samuel M. Wilson,* for Appellants. The assessment was made to George Donner.   The complaint alleges that all the defendants were the owners of the lot assessed.   The answers of the appellants, which by the motion made by the plaintiff were admitted by him to be true, allege that the said George Donner was not the owner at any time, or ever in possession of the lot assessed, but on the contrary, that these appellants were and had been for more than ten years owners and in possession of separate divided portions of the said lot.   Under this state of facts the assessment is illegal, for the reason that it was not made to the owner of the lot.   (*Smith* v. *Davis,* 30 Cal. 536.)

*S. O. Houghton,* for Respondent, argued that the judgment was properly rendered against the appellants, as they averred in their answer that they owned the lot, and that judgment could be rendered against all persons who claimed ownership, although the assessment was made against one only.

By the Court, SANDERSON, J. :

Action for a street assessment.   In most respects it is like the case of *Taylor* v. *Palmer et al., ante,* 240.   The tax was assessed against Donner only.   The answers of Bradford and Hawley, the only defendants who appeal, deny that Donner is the owner of the land or was at the commencement of the proceedings alleged in the complaint; and set up that Bradford and Hawley are and were the sole owners each of distinct and divided portions.   The plaintiff's motion for judgment on the pleadings confessed these facts.   The case is therefore within the rule in *Smith* v. *Davis,* 30 Cal. 536.

But it is argued on the part of the respondent that it is not the intention of the statute to make the validity of the assess-

ment depend upon its being made in the name of the true owner, for the reason that in most cases it would be difficult, and in some impossible, for the Superintendent of Streets to determine who the real owner is. In answer to this it is sufficient to say that the statute provides a very simple mode by which the difficulty suggested can be obviated. Where, from the fact that the title is in dispute, or from any other cause, it is impossible for the Superintendent to determine who is the owner, the statute expressly directs him to make his assessment against unknown owners, which is a very simple and easy method of avoiding all chances on the question of ownership; and it is a little surprising that the Superintendent should studiously avoid resorting to so simple a mode of escape from all risk. We are unable to recall a single case brought to this Court where the assessment was made to unknown owners; and yet, as many of those cases prove, the necessity for such an assessment, in order to make it legal and available to the contractor, is of frequent recurrence. If as suggested by counsel, the title to the lot in question is in litigation between Donner and Palmer and the appellants, the precise case is presented in which the Superintendent is authorized by statute to levy the assessment against an " unknown " owner, for under such circumstances he cannot know who the owner is. We agree with counsel that the validity of an assessment does not depend upon its being made against the owner, but we add that it does depend upon its being made against him either by name or by the designation of " unknown," as provided in the statute. That the provisions of this and like statutes must be strictly observed in order to charge the property holder is too well settled to need constant repetition. The rule is universal, and applies to all statutes upon the subject of taxation, whether for local improvement or public revenue. No person can be held liable for a tax of any kind except upon the production of an assessment against him made in the manner provided by the taxing power. (*People* v. *Sneath & Arnold*, 28 Cal. 612; *Smith* v. *Davis*, *supra.*)

It is further suggested that the ownership within the meaning of either clause of the seventeenth section of the statute, was not intended to be litigated in these actions. How does that appear? Suppose Donner, against whom the assessment was made, had denied that he was the owner within the provisions of the seventeenth section. Suppose, further, all the proceedings had been regular. The only question then to be tried would be that of ownership within the definition of the statute which includes title, and it would necessarily have to be tried. if the plaintiff proceeded with his action. In short, ownership is or may be a material issue in all these cases, and, if so, must be tried, as much so as any other issue.

Where an assessment names a party as the owner, it creates no liability against anybody else, and not against him unless he is the owner. Hence it was not necessary to their defense that the appellants should have raised the question of ownership, for upon the face of the assessment they are not liable for the tax, and no relief can be had against them.

Judgment is reversed as against the appellants, and the cause remanded.