## JOHN L. SMITH *v.* ERWIN DAVIS.

ASSESSMENT ON LOT FOR STREET IMPROVEMENT.—To render valid an assessment on a lot for the improvement of a street in San Francisco, the various acts prescribed by the statute must, in all essential particulars, be strictly performed.

ASSESSMENT ON LOT IN SAN FRANCISCO TO DECEASED PERSON.—If the Superintendent of Public Streets and Highways in San Francisco, in assessing a lot for improvements on the street on which the lot fronts, makes the assessment to a deceased person, the assessment is void.

TO WHOM ASSESSMENT ON LOT MUST BE MADE.—An assessment on a lot in San Francisco for street improvements must be made to the owner, if known, and if not known, the word "unknown" must be written opposite the number of the lot and the amount of the assessment.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

This action was brought to recover the sum of three thousand five hundred and seventy-seven dollars and forty-three cents, for an assessment for street improvements on the street on which the lots fronted. The plaintiff recovered judgment in the Court below, and defendant appealed.

The other facts are stated in the opinion of the Court.

*Ralph C. Harrison,* for Appellant.

*James Mee,* for Respondent.

By the Court, SANDERSON, J.:

To render an assessment for the improvement of a street valid the various acts prescribed by the statute must, in all essential particulars, be strictly performed. In this respect there is no distinction between an assessment for the purposes of local improvement and an assessment for the purpose of raising revenue for the support of the Government. Whenever an attempt is made to charge or divest the estate of a citizen by statutory modes, the proceedings must strictly follow the steps of the statute or the attempt will fail. (Sedgwick on Statutes, 319; *Bensley* v. *Mountain Lake Water Company*, 13 Cal. 306; *Curran* v. *Shattuck*, 24 Cal. 427; *Stanford* v. *Worn*, 27 Cal. 171.) This rule is universal, and is unaffected by any change in the purpose for which the attempt is made.

It is claimed by the appellant that the assessment is invalid upon several grounds, but we find it unnecessary for the purposes of this case to notice more than one.

By the ninth section of the Act under which these proceedings were had (Statutes of 1862, p. 397,) it is provided that after a contract for street work has been performed to the satisfaction of the Superintendent of Public Streets and Highways or the Board of Supervisors, if an appeal to them has been prosecuted, the Superintendent shall make an assessment to cover the sum due for the work performed, which assessment shall briefly refer to the contract, the work contracted for and performed, and show the amount to be paid therefor, the rate per front foot, the amount of each assessment, the name of the owner of each lot or portion of a lot assessed, if known, or if unknown to be so stated, etc.

In making the assessment in this case the Superintendent did not follow the statute, but disregarded at least one of its plainest and most important conditions. Instead of assessing the lots in question to the owner if known, or if not, to an unknown owner as required, he assessed them to D. C. Brod-

68

erick, who, as the record shows, he at the time knew, had been dead for several years; and could not therefore be the owner. That such an assessment imposed no legal obligation upon the defendant is too plain for argument. He can be made to pay only upon its being shown that the steps of the statute have been strictly followed. If his name was known to the Superintendent it should have appeared in the assessment. If it was not known the Superintendent could have so stated and the assessment would have been good. But an assessment to a person long since dead, or to a person not the owner, is not in any sense a compliance with the statutory mode, and is therefore without any binding force and creates no legal obligation to pay on the part of the owner unless, as we said in the case of *The People* v. *Sneath & Arnold*, 28 Cal. 612, " the general doctrine that no person is to be held liable for a tax except upon the production of an assessment against him made in the manner required by law is to be abandoned as fallacious." (*Kelsey* v. *Abbott*, 13 Cal. 618 ; *Moss* v. *Shear*, 25 Cal. 45.)

We are aware that a different result was reached in *Conlin* v. *Seamen*, 22 Cal. 549. There the assessment was against Lucas, Turner & Co., instead of the defendant, and the former parties had no connection with the lot assessed, as owners or otherwise, yet the assessment was held valid; but the case arose under a different statute and cannot be regarded as conclusive upon a like point under a statute unlike the one there construed in many important particulars.

By the Act of 1862 (Statutes, p. 397, Sec. 9,) under which the proceedings in this case were had, the assessment, among other things, is required to show both the number of the lot assessed and the owner's name, if known, and if not known, it is provided that the word " unknown " shall be written opposite the number of the lot and the amount of the assessment thereon. These, as well as other provisions of the statute, are plain and simple, and it is not a little astonishing that the officers of the law who have their execution in charge should find them so difficult to follow. A very moderate

amount of study bestowed upon the statute would seem to be sufficient to secure an exemption from these constantly recurring blunders and mistakes, which in many cases may be followed by ruinous consequences to some of the parties concerned.

Judgment reversed and the cause remanded.