## J. J. BLATNER *v.* ERWIN DAVIS.

Assessment of Lot for Street Improvement.— If a lot in San Francisco is assessed for a street improvement to a person by name, and not to unknown owners, the contractor cannot recover judgment against another person for the assessment.

Idem.—An assessment on a lot in San Francisco for a street improvement, made to a person by name, is an assessment to him as owner. Such assessment, to be valid, must be made to the owner, if known.

Appeal-from the District Court, Fifteenth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*Ralph C. Harrison*, for Appellant.

No personal liability against Davis was created by any of the proceedings had in the premises. He is not named in the assessment as the owner of the lot assessed. The statute (Stat. 1862, p. 397, Sec. 9) requires the assessment to be made to the "owner of each lot, if known to the Superintendent," and it is only the owner so assessed that can be made liable for the amount assessed. (*Smith* v. *Davis*, 30 Cal. 536.) As a corollary from the argument in that case, no person can be made to pay an assessment, even if he is the owner, unless he has been named as the owner in the assessment. When the statute directs the Superintendent to assess the lot to the "owner," it has a meaning which he is not at liberty to disregard. Unless the assessment is made in conformity with the requirements of the statute it is utterly void. (*People* v. *Sneath*, 28 Cal. 615; *Moss* v. *Shear*, 25 Cal. 46; *Kelsey* v. *Abbott*, 13 Cal. 619.) In each of these cases it was held a vital defect in the proceedings that the assessment was not made to the owner of the lot charged. That it is only the

person who is assessed against whom the right of action exists, is apparent from an examination of the several sections of the statute.

*O. L. Lane,* for Respondent.

The only facts apparent by the record are what appear by the complaint. And the complaint alleges that at the date of the assessment the said defendant Schaffer, and the defendant Erwin Davis, owned the land jointly. That the land was duly assessed, but that said defendant Schaffer alone was named as the owner. And we submit that the assessment was not void for any such reason, and if not void the defendant Erwin Davis was both a proper and necessary party defendant; and as there is no statement of the evidence, all the allegations of the complaint are presumed to be proved.

By the Court, CURREY, C. J.:

This action was brought to recover the amount of an assessment against a certain lot in the City of San Francisco for work done in the performance of a street contract. Issue being joined between the parties named, the cause was tried by the Court and a judgment rendered against the defendant, from which he appealed directly to this Court, relying upon the judgment roll alone as disclosing errors of law demanding a reversal of the judgment.

Upon the facts stated in the complaint, which the Court found to be true in substance, the appellant maintained that he, instead of the plaintiff, was and is entitled to judgment. The action, in form, is against the appellant and one J. P. Schaffer, and it is charged in the complaint that after the work, for which the plaintiff claims to be entitled to compensation according to the terms of his contract with the Superintendent of Streets, was done, the Superintendent approved of the same, and thereupon made a diagram exhibiting the premises upon and adjoining which the work had been done, and each

42

lot liable to be assessed and charged therefor, and also prepared an assessment list, showing the amount and rate to be paid upon the contract, specifying the amount of each assessment, with the name of the owner or owners of the particular property assessed, " so far as known ; " which diagram and assessment was duly recorded in the office of the Superintendent of Streets. The plaintiff then states that from the inception of the proceedings instituted and had, until the commencement of the action, the defendants had been and still were the owners of the lot described in the complaint ; and then it is further alleged " that said lot of land is, by said assessment aforesaid, assessed to said J. P. Schaffer." The finding of the Court upon this point is, that the lot described was " assessed to said J. P. Schaffer in the said assessment."

The tenth section of the Act of 1862 (Laws 1862, p. 397) provides that to the assessment shall be attached a warrant which shall be signed by the Superintendent and countersigned by the Auditor of the city and county, authorizing and empowering the contractor, his agent or assigns to demand and receive the " several assessments upon the assessment and diagram ;" which warrant, assessment and diagram shall be recorded ; and then it is declared that " when so recorded, the several amounts assessed shall be a lien upon the lands, lots or portion of lots assessed respectively, for the period of two years from the date of said recording, unless sooner discharged." The thirteenth section of the Act authorizes the contractor or his assigns, after a certain period, to sue in his own name " the owner of the land, lots or portions of lots assessed, on the day of the recording of the warrant, assessment and diagram, or on any day thereafter during the continuance of the lien of said assessment, and to recover the amount of any assessment remaining due and unpaid ;" and the same section provides that " the Court in which suit shall be commenced shall have power to adjudge and decree a lien against the premises assessed, and to order such premises to be sold on execution, as in other cases of sale of real estate by process of said Courts." By reference to the statute it will

be seen that the assessment list must exhibit the number of each lot or portion of a lot assessed and the rate at which the same is assessed per front foot; the amount of each assessment; the name of the owner of each lot or portion of a lot, if known to the Superintendent, and if unknown, the word "unknown" must be written opposite the number of the lot and the amount assessed thereon. Thus it is provided that the assessment must be made to the owner, when known to the Superintendent, and if he be unknown, then a particular mode of assessment is prescribed. In this case the assessment was made to Schaffer as if he was the sole owner of the lot. Schaffer was made a defendant in the complaint and charged as an owner with the appellant, of the property described, but there is no evidence in the record that he was served with process or appeared in the action. Judgment was rendered against the appellant alone, for the amount of the assessment imposed, against the lot assessed, as the property of Schaffer, and the Court decreed the same to be a lien thereon. If the property was properly assessed as belonging to Schaffer, there is no apparent reason for charging the appellant with the amount assessed. If the property belonged to the appellant and Schaffer as tenants in common, it should have been assessed to them jointly as owners. As the matter stands, the appellant is charged with an assessment made upon the lot in question as the property of Schaffer, and a judgment is had against him as upon a contract, to which, according to the condition of the Act under which the proceedings were instituted and undertaken to be conducted to a consummation, he never became, by force of the Act, a party.

In *Smith* v. *Davis*, 30 Cal. 536, this Court said: "The defendant can be made to pay only upon its being shown that the steps of the statute have been strictly followed. If his name was known to the Superintendent it should have appeared in the assessment. If it was not known, the Superintendent could have so stated, and the assessment would have been good." In that case the assessment was to a person as the owner of the property who had been dead several years.

It was sufficient that the party sought to be charged had not been assessed as the owner in any mode provided by the statute. In the case under consideration the name of the appellant does not appear in the assessment as the owner or one of the owners of the lot assessed, nor does it appear that he was unknown to the Superintendent of Streets, and that his interest in the property was duly assessed as required in such cases. The complaint, as already observed, states that the lot in question was assessed to Schaffer, which means that it was assessed to him as the owner. This statement, which is found to be true by the Court, shows that the assessment did not affect the appellant, and consequently that the proceedings had and upon which the plaintiff relies for compensation under his contract with the Superintendent, were of no binding force upon the appellant and created no legal obligation on his part to pay the sum for which judgment passed against him. (*Smith* v. *Davis*, 30 Cal. 536 ; *People* v. *Sneath*, 28 Cal. 615 ; *Moss* v. *Shear*, 25 Cal. 46 ; *Kelsey* v. *Abbott*, 13 Cal. 619 ; *Taylor* v. *Donner*, 31 Cal. 480.)

Judgment reversed and cause remanded.