## MICHAEL NOLAN *v.* MICHAEL REESE.

FRAUD IN CONTRACTOR TO IMPROVE STREETS IN SAN FRANCISCO.—If the person who contracts with the Street Superintendent in San Francisco to improve a street, before the contract is made makes a private contract with a part of the owners of the lots liable to be assessed for the improvement to do their work for less than the price allowed by the contract, this private contract is in fraud of the law under which the streets are improved ; but the fraud is no defense in an action by the contractor to recover the assessment, and must be taken advantage of by a remonstrance to or appeal to the Board of Supervisors.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

The plaintiff recovered judgment in the Court below, and the defendant appealed.

The other facts are stated in the opinion of the Court.

*Haight & Pierson*, for Appellant.

Had the defendant been permitted, as he should have been,

to show the private contract made by plaintiff's assignor, it would have appeared very clearly that a contract made by the contractor with the owners of one half of the frontage would render the owners of the other half powerless to act. The statute requires the owners of the major part of the frontage to elect, so that if the contractor secures only one half the other half can take no action.

*James Mee*, for Respondent.

If the appellant felt agrieved it was his duty to have appealed to the Board of Supervisors, " whose decision shall be final." He is deemed to have acquiesced even by not appealing. (*Conlin* v. *Seaman*, 22 Cal. 549.)

By the Court, SHAFTER, J.:

This is an action to recover a street assessment levied in the City and County of San Francisco. The plaintiff sues as assignee of the original contractor.

First—The defendant offered to prove at the trial that the plaintiff's *assignor* " made a private contract with a part of the owners, but less than a majority of the frontage of the lots liable to be assessed, to do their work at a price less than that allowed by the contract made with the Street Superintendent; which prevented defendant from securing a protest by the majority of the owners against the work, and from procuring a majority to elect to take the contract." These facts were set forth as a special defence in the answer. The evidence was objected to and was excluded by the Court.

We held, in *Emory* v. *The San Francisco Gas Company*, 28 Cal. 345, and in *Emory* v. *Bradford*, 29 Cal. 75, that the adjoining property holders were not parties to the street contracts, under the Act of 1862. We said that the " lot holder is in no sense a party to the transaction. When the work is accomplished, for the purpose of defraying the expenses, the municipal authorities levy an assessment upon the adjoining lands by virtue of the sovereign right of taxation delegated

by the Legislature of the State to the local government for that purpose, and collect it through the contractor himself. The owner of the adjoining lot has nothing to say about it, provided there is no fatal informality in the proceedings, except so far as his wishes are consulted in the first instance as to whether or not the municipal authorities shall undertake the work; and so far as he is heard through his representative in the Board of Supervisors. The city makes no contract for him individually. His liability arises out of no agreement between him, in his individual character, and the street contractor. He simply pays because the burden has been imposed upon him in common with other citizens."

In view of these principles, the facts which the defendant offered to prove cannot be regarded as a fraud upon him as a party to the street contract in question, for he stood in no such relation. But it does not follow that the special defense could not avail him if the matter was left to the control of general principles. Under the Act of 1862, a street contract does not go necessarily to the lowest bidder; for the owners of a major part of the frontage of lots and lands liable to be assessed are allowed to elect within a limited period, to take the work at the price at which it may have been provisionally awarded to the lowest bidder. And it is further provided that all proceedings under the notice shall be stayed for the period of six months, on the filing of written objections, signed by the owners of more than one half of the frontage. It is unnecessary to inquire whether these provisions were inserted in the Act for the benefit of the lot holders individually or for the benefit of that portion of them in which the power of interposition is vested. It is enough that these provisions were in the legislative judgment needful to the just balance or equipoise of a statute relating to the public good. These provisions constitute a prominent feature in the machinery of the Act, and go directly to its policy. Though the street contract in question was free from illegality in itself considered, still assuming the facts which the defendant offered to prove, the side arrangements made by the contractor with a

portion of the lot owners, were in fraud of the method devised
by the Legislature for the opening and repairing of streets,
and the contract itself would therefore, on the principles of
the common law, be illegal and void from the beginning. But
under the provisions of the Act of 1862, we are cut off from
subjecting the rights of the plaintiff to the test of those prin-
ciples. Should the fraud with which the contractor was
charged be considered as affecting the " award of the work "
to him by the Board of Supervisors (Sec. 6), then under the
fourth section of the Act it should have been brought to the
notice of the Board of Supervisors by a remonstrance coming
from one or more of the lot owners. If on the other hand the
fraud is considered as affecting the " legality of the assess-
ment," then any person having objections to make should
have appealed to the Board of Supervisors within thirty-five
days subsequent to the date of the assessment (Sec. 12.)
Such are the methods pointed out by the Act for reviewing
the decisions of the Board and the acts of the Superintendent,
and they exclude all others by positive provision. (Secs. 4
and 6 ; *Conlin* v. *Seaman*, 22 Cal. 549.) The reason for this
narrowness in the remedies provided for by the Act, is found
in the fact that the Legislature, in framing it, was providing
for a matter of public concern through an exercise of the
sovereign power of taxation. The meagreness adverted to
has its origin in the necessities of the power. (Blackwell, 40.)

The testimony offered, to prove that the resolution of the
Board ordering the work to be done was not signed by the
Mayor was properly excluded. (Acts 1862, p. 392, Sec. 3 ;
*Taylor* v. *Palmer*, 31 Cal. 240.)

Judgment affirmed.

SAWYER, J., concurring :

I am not prepared to say that the contract, as averred in
the answer, or offered to be proved by the defendant, in any
way contravenes the statute, or is in fraud of the methods
devised by the Legislature. I think the testimony was prop-

erly excluded. The other points made in the briefs have been determined against the appellant in other cases before decided. I concur in the affirmance of the judgment.