[No. 3,943.]

## THE PEOPLE v. S. B. WHIPPLE.

ASSESSMENT IN WRONG NAME.—Where property owned by S. B. Whipple, who had always been known by that name and no other, was assessed to S. M. Whipple; *Held*, that the assessment was void because there was no designation of the property owner.

IDEM.—An assessment of property for a tax to a name which is neither the true name of the owner, nor one by which he has been known, is void.

APPEAL from the District Court of the Third Judicial District, Alameda County.

The action was brought to recover a delinquent tax. The defendant set up in his answer that the assessment was void because not made against him by his true name. Judgment was rendered for the plaintiff, and the defendant appealed.

*A. M. Crane* and *G. F. & W. H. Sharp*, for Appellant, cited *Kelsey* v. *Abbott*, 13 Cal. 609.

*A. A. Moore*, for Respondents, argued that the answer did not set up a defense allowed by the statute.

By the COURT:

The finding, "that no assessment of the property mentioned in the complaint was ever made against S. B. Whipple, but the same was made against S. M. Whipple, and that the true name of defendant is Stephen B. Whipple—generally written S. B. Whipple, by which last-mentioned name he has always been known and called, and by no

other," is in legal effect a finding that the property was never assessed to the defendant at all. The statute requires that the assessor shall ascertain the names of every person owning property or having its possession or control, and shall list and assess it to such person. It is not doubted that the statute would be satisfied in this respect by listing the property in the true name of the owner or in any name by which he was habitually known or accustomed to be designated, as was done in the case principally relied upon in support of the judgment (39 Barb., 480), where an assessment running upon the roll against Henry D. Van Voorhis was held good against a person whose real name was William H. Van Voorhis—the proof clearly showing that he was known in the town by the former name, and it being shown also, that there was no other person in the town known by that name. But to list the property in a name which is neither the real name of the defendant, nor one by which he had at any time been known, is equivalent to omitting the name altogether, since in either case there is absolutely no designation of the defendant as the person intended.

Judgment reversed and cause remanded, with directions to render judgment for the defendant.