[No. 8,057.  In Bank.—October 10, 1884.]

LAKE COUNTY, RESPONDENT, v. SULPHUR BANK QUICKSILVER MINING COMPANY, APPELLANT.

TAXATION—ASSESSMENT—STATUTE MUST BE STRICTLY PURSUED.—Tax proceedings are *in invitum*, and to be valid must be in strict accordance with the statute.  Without an assessment, all subsequent proceedings are nullities, and in making the assessment the provisions of the statute under which it is to be made must be observed with particularity.

ID.—MISTAKE IN NAME OF OWNER.—A mistake in the name of the owner in an assessment of real property does not invalidate the assessment, but an assessment of personal property to a person other than the owner is absolutely void.

ID.—ABBREVIATION OF CORPORATE NAME.—In the absence of evidence of identity, an assessment of personal property to the "Sulphur Banks Q. M. Co., F. Fiedler, Agent," cannot be enforced against a corporation known as the " Sulphur Bank Quicksilver Mining Company."

ID.—DESCRIPTION OF LAND—Under sections 3650 and 3628 of the Political Code, it is sufficient in an assessment of a tract of land, to describe it by stating the congressional subdivisions contained in it.

ID.—INSUFFICIENT DESCRIPTION OF LAND.—An assessment of real property, described as " a tract of land entered by Frazier in section 13, township 13, range 7," is void.

ID.—SUFFICIENT DESCRIPTION OF LAND.—The description of real property in an assessment as the " west fractional half and southeast quarter of (mine) section 5, township 13, range 7, 436 acres, all of fractional section 6, township 13, range 7, 133 acres," is sufficient.  It is in effect a statement that all of the subdivisions are a mine.

LXVI. CAL.—2.

ID.—LEVY OF TAXES—ORDER FOR—OMISSION OF WORD CENT.—The board of supervisors of Lake County duly adopted an order which recited " that they have this day fixed the rate of county and district tax to be levied and collected upon each one hundred dollars of the assessed valuation of the county, etc., * * * as follows : State fund, .64; general county fund, .40, etc.; * * * total State, county and district tax, 1880- 81, $2.75. *Held*, that the order was sufficient, and that the omission of the word " cents " from the various items of the levy, did not invalidate it.

ID.—ORIGINAL ASSESSMENT ROLL—EVIDENCE.—Where a duplicate assessment roll has been dispensed with, by order of the board of supervisors, the original assessment roll is *prima facie* evidence of the plaintiff's right to recover, in an action to collect a tax.

ID.—DELINQUENT TAXES—ACTION TO RECOVER—INTEREST.—Section 3803 of the Political Code allows interest at two per cent. per month only on the delinquent taxes mentioned in the sections immediately preceding, which remain unpaid until the third Monday of March.

ID.—DISTRICT ATTORNEY OF LAKE COUNTY—PERCENTAGE.—The district attorney of Lake County, in an action to recover a tax, is entitled to the percentage provided for in the act of March 5, 1870.

ID.—FORM OF JUDGMENT.—In an action by a county to recover a tax, the judgment should distinguish between the amounts due the State and county respectively.

APPEAL from a judgment of the Superior Court of Lake County, and from an order refusing a new trial.

The action was brought by the county of Lake, under the act of April 23, 1880, to recover State and county taxes alleged to be due for the fiscal year 1880–81, with five per cent. penalty and two per cent. monthly interest thereon. The judgment included an allowance to the district attorney of fifteen per cent. upon the amount of the tax recovered. The further facts are sufficiently stated in the opinion of the court.

*Julius C. McCeney, D. M. Hanson,* and *Welch & Britt,* for Appellant.

The assessment is void, because it does not contain the name of the person to whom the property is assessed. (*Smith* v. *Davis,* 30 Cal. 537 ; *Blatner* v. *Davis,* 32 Cal. 328 ; *Kelsey* v. *Abbott,* 13 Cal. 609 ; *People* v. *Whipple,* 47 Cal. 591; *Crawford* v. *Schmidt,* 47 Cal. 618 ; *Grotefend* v. *Ultz,* 53 Cal. 666 ; *Hearst* v. *Egglestone,* 55 Cal. 366.) Conceding that the effect of § 3628 of the Political Code is to create a personal charge against the owner of real property, whether he is named on the assessment book or not, still such charge is not created

when the assessment is upon personal property.   The assessment is erroneous, for the reason that it does not describe the land by township, range, section or fractional section.   (Pol. Code, § 3650, sub. 2; *Terrill* v. *Groves*, 18 Cal. 151; *Willey* v. *Scoville's Lessee*, 9 Ohio, 43; *Shimmin* v. *Inman*; 26 Me. 228; *People* v. *Cone*, 48 Cal. 427; *Raymond's Lessee* v. *Longworth*, 14 How. 79; *Richardson* v. *State*, 5 Blackf. 51; *Montrose* v. *Conner*, 8 Cal. 344; *Keane* v. *Cannovan*, 21 Cal. 301; *People* v. *Mahoney*, 55 Cal. 286.)   The order of the board of supervisors is ineffectual as a levy of taxes, as it does not designate the number of cents on each hundred dollars of property levied for each fund.   (*Hurlburt* v. *Butenop*, 27 Cal. 57; *People* v. *S. F. Savings Union*, 31 Cal. 135; *People* v. *Hastings*, 34 Cal. 571; *Woods* v. *Freeman*, 1 Wall. 398; *In re Boyd*, 4 San. 261.)   The admission in evidence of the original assessment roll was erroneous.   (Stat. 1880, p. 136; Pol. Code, §§ 3732, 3899, 3900.)

*R. W. Crump* and *Rutledge & McConnell*, for Respondent.

The assessment to Sulphur Banks Q. M. Co. is a sufficient designation of the name of the owner.   (*People* v. *Sierra B. Q. M. Co.*, 39 Cal. 511; *Mahon* v. *San Rafael T. R. Co.*, 49 Cal. 270; *Patchin* v. *Ritler*, 27 Barb. 34; Angell & Ames on Corp. § 99.)   The mistake in the name of the owner did not invalidate the assessment of the real estate.   (Pol. Code, §§ 3528, 3885.)   The district attorney was entitled to recover the percentage allowed.   (Stat. 1869–70, p. 170; *Pillsbury* v. *Brown*, 45 Cal. 46; *People* v. *Seymore*, 16 Cal. 346; *People* v. *Hagar*, 52 Cal. 190; Pol. Code, § 4331.)

McKINSTRY, J.—1.   The assessment put in evidence shows property assessed to "Sulphur Banks Q. S. M. Co."   Sec. 3628 of the Political Code provides: "No mistake in the name of the owner or supposed owner of real property shall render the assessment thereof invalid."   There is nothing in the language of the section to indicate that the clause quoted can be given effect only when an attempt is made to enforce the *lien* for the tax.   The effect of the clause in section 3268 is but to give a more enlarged operation to a rule already established.   Prior to the adoption

of that clause it has been frequently held, that a defendant sued for a tax, assessed to " unknown " owners, could not be permitted to prove that the assessor might, with more diligence, have ascertained the real owner of the property.    On behalf of the defendant in those cases, it was urged that unless inquiry was permitted, with respect to care and diligence of the assessor, that officer would have it in his power entirely to neglect his duty, and to assess to *unknown* owners property, the ownership of which he should use no effort to ascertain, or which he might even know to belong to a particular person.    So here, it is said that, if he is allowed to assess the property to a person other than the real owner, he may abuse the power.    But the ascertainment of the name of the owner is a matter with respect to which the assessor has discretionary power, and his judgment or conclusion in regard to it is final, so far as the validity of the tax is concerned.

In the case before us, the defendant was sued as the owner of the property assessed to the " Sulphur Banks Q. S. M. Co." If the defendant is not the owner of such property, it had full opportunity to establish that fact ; but it is not a defense to the payment of the taxes upon the *real estate,* that the assessor mistook the name of the owner of it.

Section 3628 of the Political Code, however, only declares that a mistake in the name of the owner of *real* property shall not avoid the tax.    A portion of the taxes here sued for is upon personal property.    We have further to inquire, therefore, whether the assessment of personal property is invalid.

Unless we can take judicial notice that " Sulphur Banks Q. S. M. Co." is the equivalent or an abbreviation of " Sulphur Bank Quicksilver Mining Company," or unless there was evidence tending to prove that the corporation defendant was known by the name " Sulphur Banks Q. S. M. Co.," the assessment of the personal property cannot be upheld.    Tax proceedings are *in invitum,* and to be valid, must be in strict accordance with the statute.    Without an assessment, all subsequent proceedings are nullities ; and in making the assessment the provisions of the statute under which it is to be made must be observed with particularity. (Cooley on Tax., 259–60 ; *Moss* v. *Shear,* 25 Cal. 46; *People* v. *Mahoney,* 55 Cal. 288.)    The

statute seems to require all property to be assessed to the *owner*. (Pol. C. 3650.)  So far as relates to *real* property, a mistake in the name of the owner does not invalidate the tax, as we have seen above. (Pol. C. 3628.)  But with respect to personal property, it would seem to be the duty of the assessor to assess it to the owner.    Even, however, if section 3636 of the Political Code (which speaks only of absent owners) can be held to apply to an owner not absent, personal property must be assessed to the real owner, or to " unknown owners."   An assessment of personal property to a named person, other than the owner, is absolutely *void.*   (*Smith* v. *Davis,* 30 Cal. 537 ;  *Blatner* v. *Davis,* 32 Cal. 328;  *Kelsey* v. *Abbott,* 13 Cal. 609 ;  *People* v. *Whipple,* 47 Cal. 591;  *Crawford* v. *Schmidt,* 47 Cal. 618.)

 " Sulphur Banks Q. S. M. Co., F. Fiedler, Agt.," is not the same thing as " Sulphur Bank Quicksilver Mining Company." We may conjecture, or very strongly suspect, that the assessor *meant* to assess the defendant as the owner of the personal property, but he did not assess the defendant.   If the case showed that defendant had been usually known, or was even sometimes called, " Sulphur Banks Q. S. M. Co.," it may be conceded, for this decision, that the assessment of the personal property to defendant would be good.   (*People* v. *Sierra Buttes Q. M. Co.,* 39 Cal. 514.)   But in the transcript before us, there is no evidence that defendant was called, or called itself, by that name. It is plain that we cannot identify the name to which the personal property was assessed as an abbreviation of the name of defendant, even if an assessment to an abbreviation would be valid.

We are forced to the conclusion that the assessment of personal property cannot be enforced against defendant.

2. It is insisted by appellant that the assessment of real property is invalid, because it departs from the requirements of section 3650 of the Political Code, which makes it the duty of the assessor to enter in his book, under an appropriate heading " Land, by township, range, section or fractional section ;  and when such land is not a congressional division or subdivision, by metes and bounds, or other description sufficient to identify it, giving an estimate of the number of acres (not exceeding in each and every tract 640 acres), locality, and the improvements

thereon.   When any tract of land is situate in two or more school, road or other revenue districts of the county, the part in each township or district must be separately assessed, together with the improvements thereon."

It is claimed by appellant that the statute requires a separate assessment of each " section or fractional section," whenever the land has been surveyed into congressional subdivisions, and exceeds 640 acres in area.   And appellant urges that the intent of section 3650 is made more apparent by the language used in section 3628 : " Land shall be assessed in parcels or subdivisions not exceeding 640 acres each, and tracts of land containing more than 640 acres, which have been sectionized by the United States Government, shall be assessed by sections or fractions of sections."   It is said that in the face of the Code requirements, a tract of 3500 acres, sectionized by the government, has not been assessed in sections or fractional sections.

But the statement that the 3500 acres constitute a single tract is not borne out by the record.   There is no evidence of the fact.   Nor does it appear that subdivisions exceeding in aggregate quantity 640 acres are assessed as a single tract.   It is true the W. frac. ½ and the S. E. ¼ of section 5, township 13, range 7, containing 436 acres, is assessed with the whole of fractional section 6, in the same township and range, containing 133 acres.   But the subdivisions thus assessed as one tract contain together but 569 acres.   So, also, fractional sections 1, 2 and 3, township 13, range 8, assessed as one tract, aggregate but 500 acres.   Reading sections 3650 and 3628 of the Political Code, it would seem to be a sufficient assessment (at all events, where a tract does not contain more than 640 acres), to describe such tract by stating the congressional subdivisions contained in it.

We think, however, the attempted description of " a tract of land entered by Frazier," in section 13, township 13, range 7, is hopelessly defective.   This is neither a description by " township, range, section or fractional section," nor is it a description by " metes and bounds," nor is it otherwise sufficient to identify the land.

4. The description " W. fractional ½ and S. E. ¼ of (mine) section 5, township 13, range 7, 436 acres, all of fractional section 6, township 13, range 7, 133 acres," is sufficient.   It is, in

effect, a statement that all of the subdivisions are a mine.   As the assessment was good of itself, the oral testimony of the assessor did not prejudice any right of defendant.

3.   It is contended by appellant that the order of the board of supervisors, dated October 4, 1880, is, as a levy of taxes, ineffectual.   The order is in words and figures following :

" Ordered unanimously by the board of supervisors of Lake County, Cal., that they have this day fixed the rate of county and district tax to be levied and collected upon each $100 of the assessed valuation of the property of the county of Lake, California, to raise the specific amounts required to be raised for the thirty-second fiscal year 1880-81, as follows, to wit :

State Fund........................................................0.64
General County Fund...........................................0.40
County School Fund............................................0.37
Salary Fund.....................................................0.25
General Road Fund.............................................0.50
County Hospital Fund..........................................0.08
Public Building Fund...........................................0.04½
Bond Fund......................................................0.12½

Total State and county levy, 1880-81.....................$2.41
Wagon Road District Fund, Lake county...................0.14
Old Road District Fund Six, Lake county..   ...............0.20

Total State, county and district tax, 1880-81..............$2.75
      (Signed by the members of the Board.)

Section 3714 of the Political Code provides :

" The board of supervisors of each county must, on the first Monday of October, fix the rate of county taxes, designating the number of cents on each hundred dollars of property levied for each fund, and must levy the State and county taxes upon the taxable property of the county ; provided, that it shall not be lawful for any board of supervisors of any county in the State to levy, nor shall any tax greater than fifty cents on each one hundred dollars of property be levied and collected in any one year, to pay the bonded indebtedness, or judgment arising therefrom, of this State, or any county or municipality in this State."

It will be observed the section just recited requires the supervisors to " fix the rate of county taxes, designating the number

of cents on each one hundred dollars," etc. The order of the board of supervisors does fix the rate and designate the number of cents, etc., unless the omission of the word " cents " vitiates the order. But the sixty-four hundredths (for example) is undoubtedly intended to bear a relation to one hundred dollars, and it is a natural, if not necessary, interpretation to say that it is sixty-four one-hundredths of one dollar. The language of the order is to be referred to the power which the board were authorized to employ, and which they were attempting to employ—a power to designate " the number of cents on each one hundred dollars." The cases in this State in which it has been held that figures in an assessment must be accompanied by a dollar mark, or other character, showing what they represent, are not conclusive of the question now before us. The order, read in the light of the law, clearly indicates what is meant by the figures and decimal points.

6. Was the admission in evidence of the original assessment roll erroneous?

The Political Code and the Act of April 23, 1880, except so far as the former is impliedly repealed by the latter, are to be read together. The law, 1880, does not provide for the making of a duplicate assessment-roll. Section 3732 of the Political Code requires the auditor to deliver a duplicate assessment to the tax collector, and the law of 1880 provides that a certified copy of such duplicate shall be *prima facie* evidence of the plaintiff's right to recover " in an action that may hereafter be commenced." Section 3738 of the Political Code authorizes the board of supervisors of any county, in their discretion, to dispense with the making or use of any duplicate assessment book; and in all cases where such duplicate assessment is referred to, " it shall be lawful to use and consider the original assessment book in all the requirements of every part of this Code referring to the same," etc. An order to dispense with the duplicate was, in fact, made by the supervisors of Lake county. The words used in the Act of 1880 are, " the duplicate assessment," and there can be no doubt these words referred to the duplicate provided for by the Political Code; but the same Code authorizes the duplicate to be dispensed with, and when dispensed with gives equal effect to the original. The law of 1880 was passed in

view of the existing provisions of the Code, and it would seem too narrow a construction to say it did not make the original (when the duplicate is dispensed with) *prima facie* evidence.

7. The judgment allows 2 per cent. per month upon the amount of taxes allowed from December 28, 1880. This is error. Manifestly section 3803 of the Political Code refers to the " delinquent taxes " mentioned in the sections immediately preceding, and which remain unpaid until the third Monday of March. (§ 3797.) In the case at bar, the action was commenced on the second day of March.

8. Comparing the Act of 1880 and sections 7 and 11 of the act " concerning county officers of Lake county," etc. (Stats. 1875-6, p. 599), we think the district attorney was entitled to recover his percentage.

9. The judgment is irregular, in that the judgment is for a gross sum, not distinguishing between the amounts due the State and county, respectively. (*Sacramento* v. *C. P. R. R. Co.*, 61 Cal. 250.) It is not a judgment which can be construed sufficient in form. (Id.)

Judgment and order reversed, and cause remanded for a new trial.

SHARPSTEIN, J., ROSS, J., MORRISON, C. J., and MYRICK, J., concurred.

THORNTON, J., concurring.—I concur in the judgment, and in the views expressed in the foregoing opinion, except that I think there was evidence that the corporation was known by the name by which it was assessed.