## HOUSER & HAINES MANUFACTURING COMPANY v. HARGROVE.*

### Sac. No. 738; February 3, 1900.

#### 59 Pac. 947.

**Appeal—Time.**—An Appeal may be Taken from an Order denying a motion for new trial, when made within proper time after the denial, though the time limited for appeal from the final judgment has expired.

**Appeal—What Reviewable.**—On Appeal from an Order Denying a motion for a new trial, the court will consider the sufficiency of the evidence, and the errors of law, if any, occurring during trial.

---

*For subsequent opinion in bank, see 129 Cal. 90, 61 Pac. 660.

Sale.—Plaintiff Delivered a Harvester to R. Under Contract that it did not part with title until notes given therefor were fully paid, and in case of default it was, if it wished, to take possession of the harvester, and all payments thereon were to be retained as compensation for its use prior to the default. After default in payment, R. sold the harvester to defendant for a valuable consideration. Held, that R., having no title, but only a right to secure title, could convey none to defendant, and that plaintiff was the owner, and entitled to possession.

Sale.—Plaintiff Delivered a Harvester to R., Retaining Title until payment made. The tax thereon, together with the tax on several other items of personal property belonging to R. alone, was assessed to "R. and wife and H." (the plaintiff), and the harvester was sold to defendant for delinquent taxes. Held, that, under Political Code, sections 3628, 3636, providing that the assessor shall ascertain the name of the owner, and assess the property to him, and, if unable to ascertain the name, shall assess it to the "unknown owner," the assessment was invalid.

Taxation.—A Sale of the Personal Property of H. for taxes due, not by him alone, nor upon the property alone, but for taxes on property not owned by H., and given to the assessor as the property of R., is void, under Political Code, sections 3820, 3821, providing for a collection of the personal property tax by seizure and sale of any personalty owned by the person against whom the tax is assessed.

Taxation—Mistake in Name.—Political Code, section 3628, providing that a mistake in the name of the owner of real property shall not invalidate the assessment for taxes, has no application to an assessment of personal property, and hence an assessment of H.'s personal property to "R. and wife and H." cannot be held valid thereunder.

APPEAL from Superior Court, Madera County.

Action by Houser & Haines Manufacturing Company against R. L. Hargrove. From a judgment in favor of defendant and from an order denying new trial plaintiff appeals. Order reversed.

Louttit & Middlecoff for appellant; R. L. Hargrove in pro. per.

COOPER, C.—Judgment was entered in the court below in favor of defendant. Plaintiff has appealed from the judgment and from an order denying its motion for a new trial. The judgment was entered on the twelfth day of August, 1897, and the notice of appeal therefrom served

August 2, 1890; therefore this court will not entertain the appeal from the judgment. The order denying plaintiff's motion for a new trial was made and entered June 6, 1899, and notice of appeal from this order served August 2, 1899. The appeal from the order denying the motion for a new trial was taken within sixty days after the order, and it makes no difference that the time for appealing from the judgment has elapsed. The motion for a new trial, under our code and practice, is a proceeding independent of the judgment, and the motion may be granted, even after the judgment has been affirmed on appeal: Brison v. Brison, 90 Cal. 327, 27 Pac. 186. Upon an appeal from an order denying a motion for a new trial, we may consider whether the evidence is sufficient to sustain the findings and errors of law, if any, occurring during the trial: Brison v. Brison, 90 Cal. 329, 27 Pac. 186; Riverside Water Co. v. Gage, 108 Cal. 243, 41 Pac. 299.

The complaint alleges that on the sixth day of June, 1896, the plaintiff was, and ever since has been, the owner and entitled to the possession of "One Haines-Houser Improved Combined Harvester," of the value of $1,000; that the defendant on said date wrongfully took the said property into his possession, and ever since has unlawfully withheld and detained the same. Judgment is asked for the recovery of the possession of the said harvester, or the value thereof, in case a delivery cannot be had. The answer denied that plaintiff ever was the owner or entitled to the possession of the harvester, and alleged that the defendant was, on the second day of June, 1896, "ever since has been, and now is, the owner and entitled to the possession of said property." The case was tried before the court without a jury, and findings filed. The court found that the plaintiff was not, at the time of the commencement of the action, the owner, or entitled to the possession, of the harvester; and further found that the defendant was, at the time the action was commenced, and still is, the owner and entitled to the possession thereof; that the value thereof was $1,000; and that defendant is entitled to judgment. The findings are quite voluminous and cover some sixty-seven folios of the transcript. The greater part of them consists of probative facts, recitals of evidence and copies of documents that properly should have no place therein. The main and material findings are those herein

stated as to ownership of the property, and we do not think the evidence set forth in other parts of the findings, or in the record, supports them. There is little, if any, conflict as to the facts, and we must determine from them as to whether the plaintiff or defendant was the owner of the harvester at the time the action was commenced. On June 10, 1893, one Rowe gave an order in writing to Houser, Haines & Knight for the harvester, for which he was to pay $1,400, according to the terms of certain notes to be executed by him. This order contained the following clause: ''If upon one week's trial the machine should not work well, the purchaser shall give immediate notice to said Houser, Haines & Knight, or their agent, and allow time to send a person to put it in order. If it cannot then be made to work to the entire satisfaction of the purchaser, he shall return it at once to the agent of whom he received it, and his payment, if any has been made, will be refunded.'' The harvester was, in pursuance of the said written order, delivered to Rowe, and, after being tried and tested, on the fourth day of August, 1893, an agreement of sale was entered into and signed by said Rowe and the Houser & Haines Manufacturing Company, a corporation, under the terms of which the said corporation agreed to sell to said Rowe the said harvester for $1,400, the same to be paid for in three notes to Houser, Haines & Knight—one for $500, due September 1, 1893; one for $500, due September 1, 1894; and one for $400, due September 1, 1895. This agreement contained the following clause: ''And it is agreed that said Houser, Haines & Knight do not part with the title to said harvester until all said deferred payments or notes are fully paid; that time is of the essence of the agreement; that, should the undersigned make default in any of said payments, then said Houser, Haines & Knight shall at their option, and without notice, terminate this agreement, and with or without legal process take and retain said harvester, wherever it may be situated, and all moneys paid by the undersigned prior to such default shall be compensation for the privilege of using said harvester prior to such default.'' The promissory notes were executed by Rowe according to the agreement, and delivered to said Houser, Haines & Knight. The said Rowe paid the sum of $750 upon account of said notes and the purchase price of said harvester, and no more, and the balance of the $1,400, with interest, according to the terms

of said notes, remains due and unpaid. During the year 1894, the said Houser, Haines & Knight sold and assigned the said contract and the said notes to plaintiff. The contract was a conditional sale, and the title was not devested as long as the notes remained unpaid. This principle of law was decided in the early case of Kohler v. Hayes, 41 Cal. 455, and has since been followed in many cases: Hegler v. Eddy, 53 Cal. 597; Rodgers v. Bachman, 109 Cal. 556, 42 Pac. 448; Perkins v. Mettler, 126 Cal. 100, 58 Pac. 384. It is the rule followed in the United States supreme court: Harkness v. Russell, 118 U. S. 663, 30 L. Ed. 285, 7 Sup. Ct. Rep. 51.

It follows that plaintiff was the owner of the property at the time of commencement of the action, unless it had in some manner been devested of the title. Defendant claims title by virtue of a bill of sale for a valuable consideration made to him by said Rowe on June 2, 1896. Rowe had no title at the time he made the bill of sale, but only the right to procure the title upon paying the balance of the purchase price. He conveyed that right to defendant, but neither Rowe nor defendant has paid the balance of the purchase price which Rowe agreed to pay. Hence the transfer to Rowe by defendant did not clothe him with the legal title. On June 6, 1896, the plaintiff served a notice in writing upon said Rowe, notifying him of his default in the payment of the balance of the note for the purchase price of the harvester, and of its election to terminate the contract and take possession thereof. The said written notice also tendered said Rowe the unpaid notes. Defendant further claims by virtue of having paid the assessor of Madera county $28 for said property at a public sale for delinquent taxes made June 2, 1896. The title through this source depends upon the validity of the assessment and proceedings leading up to the sale. It appears, from page 44 of the assessment-roll of Madera county for the year 1896, that under the heading "Taxpayers' Name" is the following: "Rowe, I. M., et ux., and Houser and Haines Mfg. Co., and Houser, Haines & Knight"; and under the head of "Description of Property" is the following: "Furniture, $15; sewing-machine, $5; farm utensils, $50; machinery (harvester), $350; wagon, $20; harness, $5; 10 horses, $20; 5 colts, $50; 1 cow, $20; 1 dozen poultry, $3; 3 hogs, $8." On the same page the total valuation of all the above property so assessed to the parties therein stated is given as $726. At

the bottom of the page, under the head of "Remarks," is the following: "Harvester seized for taxes and sold to R. L. Hargrove, June 2, 1896, for twenty-eight dollars, including road and poll tax." No part of the property so entered upon said assessment-roll going to make up the valuation of $726, other than the harvester, belonged to plaintiff. It was all given in to the assessor by I. M. Rowe in a sworn statement made by him April 9, 1896. After the list was so given in, the assessor, of his own volition, inserted the names, "I. M. Rowe et ux., Houser and Haines Mfg. Co., and Houser, Haines & Knight," instead of the words, "I. M. Rowe et al."

The tax due upon all the said property so assessed was $16.70, to which was added $2 for road tax and $2 for poll tax, making $20.70. To this was added $7 costs of advertising and sale, but the assessor sold for $28, in round figures. The tax rate for said county for the year 1896 was $2.30 per hundred, and the taxes due upon the harvester at this rate, and according to its assessed valuation, was $8.05. The assessment was void, and the sale thereunder conveyed no title. Personal property must be assessed to the owner or the person claiming it, or in whose possession or control it was at 12 o'clock M. on the first Monday of March next preceding the assessment: Pol. Code, sec. 3628. Without a valid assessment, all subsequent proceedings are nullities, and in making the assessment the provisions of the statute under which it is to be made must be observed with particularity. An assessment of personal property to a named person other than the owner is absolutely void: Kelsey v. Abbott, 13 Cal. 609; Smith v. Davis, 30 Cal. 537; Blatner v. Davis, 32 Cal. 328; People v. Whipple, 47 Cal. 591; Crawford v. Schmidt, 47 Cal. 618; Lake Co. v. Sulphur Bank Quicksilver Min. Co., 66 Cal. 21, 4 Pac. 876; City of San Luis Obispo v. Pettit, 87 Cal. 503, 25 Pac. 694. In certain cases where taxes on personal property are not, in the opinion of the tax collector, a lien upon real property sufficient to secure the same, the tax collector may collect them "by seizure and sale of any personal property owned by the person against whom the tax is assessed": Pol. Code, secs. 3820, 3821. In this case the personal property sold was owned by plaintiff. The taxes upon the property, with the taxes upon several other items of property, were assessed against "Rowe, I. M., et ux., and Houser and Haines Mfg. Co.; and Houser, Haines & Knight." The property

was not sold for taxes due upon it alone, nor for taxes due by plaintiff, alone, but it was sold for taxes due upon property not owned or claimed by plaintiff, and given in to the assessor as the property of Rowe. It was also sold for two dollars road tax and two dollars poll tax. The corporation plaintiff certainly did not owe a poll tax. The duty of the assessor is to ascertain the name of the owner of property, and assess it to him, and, if the name of the owner is unknown to the assessor, and not of record, to assess it to "unknown owners": Pol. Code, secs. 3628, 3636. And, if it is not so assessed, the assessment is void: Grotefend v. Ultz, 53 Cal. 666; Weinreich v. Hensley, 121 Cal. 659, 54 Pac. 254.

It is urged that the rule heretofore existing in this state has been changed by section 3628 of the Political Code, and that a mistake in the name of the owner will not invalidate an assessment. The section, so far as claimed to be in point here, is: "But no mistake in the name of the owner or supposed owner of real property shall render the assessment thereof invalid." Nothing is said about a mistake as to personal property, and the section has no application in such case: Lake Co. v. Sulphur Bank Quicksilver Min. Co., 66 Cal. 21, 4 Pac. 876; City of San Luis Obispo v. Pettit, 87 Cal. 502, 25 Pac. 649. Under this appeal, we have no power to order judgment for plaintiff on the findings, if they were such as to authorize such judgment. The order should be reversed.

We concur: Britt, C.; Chipman, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order is reversed.